UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GINA BATTLE, an individual,

    Plaintiff,

v.

GLADSTONE LAW GROUP, P.A.,
a Florida Professional Corporation,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. §1331, and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, Gina Battle ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, Gladstone Law Group, P.A. ("Gladstone P.A."), is a Florida Professional Corporation and law firm engaged in the business of collecting

consumer debts, which operates from offices located at 1499 W. Palmetto Park Road, Suite 300, Boca Raton, Florida 33486.

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as that term is defined in the FDCPA.

7. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. Defendants sought to collect a debt from Plaintiff arising from an alleged

debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred as a mortgage.

10. On December 6, 2012, Defendant caused to be served upon Plaintiff a complaint seeking to collect an alleged debt from Plaintiff (hereinafter, the "Complaint.").

11. In the Complaint, Defendant sought to collect for their client the amount due on a promissory note allegedly signed by Plaintiff.

12. Attached to the Complaint was a Summons, which reads:

*You have 20 calendar days after this summons is served on you to file a written response to the attached complaint <u>with the clerk of this court</u>.* (emphasis added).

13. A true and correct copy of the Summons and Complaint is attached hereto as "Exhibit A."

14. Paragraph number 19 of the Complaint states:

*This is an attempt to collect a debt, and any information obtained will be used for that purpose. The notice required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692(g) et seq., as amended, is attached to this complaint.*

15. The "Notice" referred to in Paragraph 19 of the Complaint was entitled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT,

15 U.S.C. §1692(G) ET SEQ., AS AMENDED (hereinafter, the "Notice").

16. A true and correct copy of the Notice is attached hereto as "Exhibit B."

17. Paragraph number 4 of the Notice states:

*The debt described in the attached complaint and evidenced by the attached promissory note and mortgage will be assumed valid by the creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion of it.*

18. The alleged debt arises from Plaintiff's ownership of her house which, when purchased, was her primary residence, and where she currently resides.

19. The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all.  This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

20. Even more troubling, 15 U.S.C. § 1692g(a)(3) actually reads:

*[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . .*

21. Defendant's Notice, unnecessarily included with the Complaint, states

that the Plaintiff must dispute the debt <u>in writing</u> within thirty (30) days or the debt will be assumed valid by Defendant.

22. The Notice, improperly requires a written response with regard to the debt, even though there is no reason whatsoever to include the aforementioned Notice. By attaching the superfluous Notice, Defendant is likely to confuse the consumer with respect to their rights as both a consumer and as a litigant. Worse yet, this confusion may provide the Defendant with an advantage in their debt collection effort as further explained herein.

23. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## **COUNT I - VIOLATION OF 15 U.S.C. § 1692e**

24. Plaintiff re-alleges Paragraphs 1 through 23.

25. Defendant's superfluous Notice incorrectly states that a consumer must file a written response within thirty (30) days. Many consumers believe that they need to file a written response to the Notice with the Court as directed by the Summons. This response from a consumer is then deemed an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights and defenses, including but not limited to: (1) the right to contest service of process; (2)

the right to seek a more definite statement; and (3) the right to file a motion to dismiss.  In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

26. Alternatively, Defendant's superfluous Notice also incorrectly suggests that a consumer must file a written response within thirty (30) days.  To many consumers this Notice would overshadow the time frame necessary to file a response with the Court as explained in the Summons.  Should a consumer wait until the thirtieth day to file a response, the will already be in default in accordance with the Summons. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violative of 15 U.S.C. §§ 1692e, 1692e(10).

WHEREFORE, Plaintiff GINA BATTLE requests that this Court enter judgment in her favor and against Defendant GLADSTONE LAW GROUP, P.A. for:

    a.    Statutory damages pursuant to 15 U.S.C. §1692k;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated this 30th day of December, 2012.

                                                Respectfully submitted,

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651


*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQUIRE
*Attorney for Plaintiff*
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 234-5150
Facsimile: (772) 234-5231
lwd@verobeachlegal.com