UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:12-cv-14458-JEM

GINA BATTLE, an individual, on
behalf of herself and all others similarly situated,

    Plaintiff,

v.

GLADSTONE LAW GROUP, P.A.,
a Florida Professional Corporation, and
ROGER N. GLADSTONE, individually,

    Defendants.
_____/

# FIRST AMENDED CLASS ACTION COMPLAINT[1]
# JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Fair Debt Collection Practices Act 28 U.S.C. § 1331, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, Gina Battle ("Plaintiff"), is a natural person, and citizen of the

---

1 Plaintiff amends the complaint prior as a matter of right in accordance with the Federal Rules of Civil Procedure, Rule 15(a)(1)(B).

State of Florida, residing in Indian River County, Florida.

4. Defendant, GLADSTONE LAW GROUP, P.A. ("Gladstone, P.A."), is a Florida Professional Corporation and law firm engaged in the business of collecting consumer debts, which operates from offices located at 1499 W. Palmetto Park Road, Suite 300, Boca Raton, Florida 33486.

5. Defendant, ROGER N. GLADSTONE ("Attorney Gladstone"), is a Florida licensed attorney who signed the subject complaint which is the basis of this lawsuit.

6. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

7. Defendants regularly collect or attempt to collect debts for other parties. Defendants are "debt collector[s]" as that term is defined in the FDCPA.

8. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. All acts or omissions of Gladstone were within the scope of his employment by Gladstone, P.A. or were otherwise authorized by Gladstone, P.A.

10. Gladstone, P.A. is vicariously liable for the actions of Attorney Gladstone. *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)*.

11. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## **FACTUAL ALLEGATIONS**

12. Defendants sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred as a mortgage.

13. On December 6, 2012, Defendants caused to be served upon Plaintiff a summons and complaint seeking to collect an alleged debt from Plaintiff. (The "Complaint.").

14. In the Complaint, Defendants sought to collect for their client the amount due on a promissory note allegedly signed by Plaintiff.

15. A true and correct copy of the Complaint has been previously filed with

this Court. [DE-1-3, 4].

16. Paragraph 19 of the Complaint states:

*This is an attempt to collect a debt, and any information obtained will be used for that purpose. The notice required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692(g) et seq., as amended, is attached to this complaint.*

17. The "notice" referred to in Paragraph 19 of the Complaint was entitled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692(G) ET SEQ., AS AMENDED. (The "Notice").

18. A true and correct copy of the Notice is attached hereto as "Exhibit A."

19. Paragraph 4 of the Notice states:

*The debt described in the attached complaint and evidenced by the attached promissory note and mortgage will be assumed valid by the creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion of it.*

20. The alleged debt arises from Plaintiff's ownership of her house which, when purchased, was her primary residence, and where she currently resides.

21. The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003).

22. Even more troubling, 15 U.S.C. § 1692g(a)(3) actually reads:

*[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,*

*the debt will be assumed to be valid by the debt collector . . .*

23. Defendant's Notice, unnecessarily included with the Complaint, states the Plaintiff must dispute the debt <u>in writing</u> within thirty (30) days or the debt will be assumed valid by Defendant.

24. The Notice, improperly requiring a written response with regard to the debt, is also imbedded into the body of the Complaint.

25. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## CLASS ACTION ALLEGATIONS

26. This action is brought on behalf of a class consisting of (i) all persons with addresses in the State of Florida (ii) to whom Notices in the same form as "Exhibit A" were sent to or served upon any person (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or unserved (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").

27. Plaintiff alleges on information and belief based upon the Defendants' use of Notice in the form of "Exhibit A" that the class is so numerous that joinder of

all members of the Class is impractical. At a minimum, Plaintiff believes the Class to be several dozen, and most likely in excess of 100.

28. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent or served a Notice attached in the form of "Exhibit A." The principal legal issues is whether Defendants' Notice in the form of "Exhibit A" violates the FDCPA by deceiving consumers into filing a written dispute pursuant to the FDCPA and thus waiving certain rights and defenses which they possess as litigants in a court of law.

29. Plaintiff's claim is typical of those of the class members. All are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

31. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Ms. Battle requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages.

## COUNT I - VIOLATION OF 15 U.S.C. § 1692e
### (All Defendants)

33. Plaintiff, on behalf the putative class, re-alleges Paragraphs 1 through 32.

34. Defendants' Notice suggests that a consumer must file a written response within thirty (30) days, many consumers believe that they need to file a written response to the Court, which is then deemed an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; (3) the right to file a motion to dismiss; and (4) are consequently more vulnerable to any attempted summary judgment motion filed by Defendants. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

WHEREFORE, Plaintiff GINA BATTLE requests that this Court enter judgment in favor of the putative class and against Defendant GLADSTONE LAW GROUP, P.A. and ATTORNEY GLADSTONE for:

    a.    An Order certifying this class action;

  b. Statutory damages pursuant to 15 U.S.C. § 1692k;

  c. Attorney's fees, litigation expenses and costs of the instant suit; and

  d. Such other or further relief as the Court deems proper.

### **COUNT II - VIOLATION OF 15 U.S.C. § 1692g**
**(All Defendants)**

35. Plaintiff re-alleges Paragraphs 1 through 25 individually only and in the alternative only.

36. On December 5, 2012, Plaintiff telephoned Defendants. Plaintiff requested to speak to Attorney Gladstone but was refused to be put through to him. Plaintiff left a message with Defendant Gladstone P.A.'s operator that she requested that Defendant Gladstone return her call.   (The "Phone Call").

37. The Phone Call was the initial contact between Plaintiff and Defendants.

38. 15 U.S.C. § 1692g requires:

*(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --*
*(1) the amount of the debt;*
*(2) the name of the creditor to whom the debt is owed;*
*(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
*(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy*

*of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

39. Plaintiff has not received the Notice required by 15 U.S.C. §1692g as of the date of filing of this Amended Complaint.

WHEREFORE, Plaintiff request that the Court enter judgment in her favor and against Defendants for:

    a.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 8th day of March, 2012.

Respectfully submitted,

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQUIRE
*Attorney for Plaintiff*
Florida Bar No. 0041920
5070 Highway A1A
Suite D

              Vero Beach, Florida 32963
              Telephone: (772) 234-5150
              Facsimile: (772) 234-5231
              lwd@verobeachlegal.com

              SCOTT D. OWENS, P.A.
              664 E. Hallandale Beach Blvd.
              Hallandale, FL 33009
              Tel: 954-589-0588
              Fax: 954-337-0666
              scott@scottdowens.com

              By: *s/Scott D. Owens*
              Scott D. Owens, Esq.
              Florida Bar No. 0597651

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on March 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

              SCOTT D. OWENS, P.A.
              664 E. Hallandale Beach Blvd.
              Hallandale, FL 33009
              Tel: 954-589-0588
              Fax: 954-337-0666
              scott@scottdowens.com

              By: *s/Scott D. Owens*
              Scott D. Owens, Esq.
              Florida Bar No. 0597651