UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:12-cv-14458-JEM

GINA BATTLE, an individual, on
behalf of herself and all others similarly situated,

    Plaintiff,

v.

GLADSTONE LAW GROUP, P.A.,
a Florida Professional Corporation, and
ROGER N. GLADSTONE, individually,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1. Plaintiff Gina Battle respectfully requests that the Court enter an order certifying this case to proceed as a class action. Plaintiff requests that this Court certify a class defined as: (i) all persons with addresses in the State of Florida (ii) to whom Notices in the same form as "Exhibit A" were sent to or served upon any person (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or unserved (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").[1]

---

[1] As an alternate class definition, Plaintiff suggests: (i) all persons with addresses in the State of Florida (ii) whom were served with a state court lawsuit, (iii) which either contained an allegation or exhibit purporting to provide notice in accordance with 15 U.S.C. § 1692g (e.g. the form complaint and attachment identified in the First Amended Class Action Complaint as "**Exhibit A**") (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class"). To the extent that the proposed class definitions differ with that in the First Amended Complaint, Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. *Kohen v. Pacific Investment Management Co. LLC,* 571 F.3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S.Ct. 1504 ["if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed"; and, at p. 680: "the district court can certify subclasses with separate representation of each … if that would be consistent with manageability."]; *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) cert. denied, 125 S.Ct. 277 (2004) ["holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-

In support of this motion, Plaintiff states the following:

2. On December 30, 2012, Plaintiff filed her Class Action Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [DE-1]. Plaintiff filed her First Amended Class Action Complaint on March 8, 2012. [DE-20].

3. The policy and practice of Defendants is or was to:

   a. serve "form" state court lawsuits upon Florida consumers which mistakenly, deceptively, improperly, and unlawfully stated that the consumer was being provided notice in accordance with 15 U.S.C. § 1692g, contemporaneous with the state court lawsuit.

   b. serve "form" state court lawsuits upon Florida consumers which were deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violative of 15 U.S.C. § 1692e as well as 15 U.S.C. § 1692e(10).

4. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

5. Plaintiff has obtained evidence of numerosity from the public record (i.e. virtually identical "form" state court lawsuits filed throughout the State of Florida). *See* **Exhibit B**. *See also, Universal Express, Inc. v. U.S. SEC,* 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court).

6. There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the class is that each was served with a state court lawsuit, essentially verbatim in substance to the lawsuit served upon Ms. Battle, which contained false and/or

---

and-take inherent in class action litigation, particularly in the formation of a workable class definition" (bold added.)]; *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ["A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."]; *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) ["[I]t is certainly within this court's discretion to limit or redefine the scope of the class."]; *Meyer v. Citizens & S. Nat'l Bank,* 106 F.R.D. 356, 360 (M.D. Ga. 1985) ["The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class."].

deceptive allegations or exhibits with respect to 15 U.S.C. § 1692g, and therefore were in violation of the FDCPA (i.e. 15 U.S.C. §§ 1692e, 1692e(10)).

7. There are no individual issues other than identifying class members, which may be accomplished through a review of Defendants' records.

8. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

9. Ms. Battle will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue their action. *See* Declaration of Connie L. Pederson in Support of Plaintiff's Motion for Class Certification, Declaration of Scott D. Owens in Support of Plaintiff's Motion for Class Certification, Declaration of Leo W. Desmond in Support of Plaintiff's Motion for Class Certification, filed separately.

10. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B) and §1692k(b)(2).

   b. Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the essence of Defendants' collection efforts is the deception of consumers.

   c. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.

   d. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

11. These grounds are further explained and supported by the accompanying memorandum of law.

WHEREFORE, Plaintiff Gina Battle respectfully requests that the Court certify this action as a class action, appoint her as class representative, and appoint Scott D. Owens and Leo W. Desmond as class counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 13th day of June 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 13th day of June 2013 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651