UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:12-cv-14458-JEM

GINA BATTLE, an individual, on
behalf of herself and all others similarly situated,

    Plaintiff,

v.

GLADSTONE LAW GROUP, P.A.,
a Florida Professional Corporation, and
ROGER N. GLADSTONE, individually,

    Defendants.
_____/

**PLAINTIFF GINA BATTLE'S MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

**I.    NATURE OF THE CASE**

Plaintiff Gina Battle brings this case as a class action against Defendants Gladstone Law Group, P.A., and Roger N. Gladstone for filing "form" state court lawsuits, which mistakenly, deceptively, improperly, and unlawfully stated that the consumer was being provided notice in accordance with 15 U.S.C. § 1692g, and would therefore be deceptive to the least sophisticated consumer and in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), more specifically, 15 U.S.C. § 1692e as well as 15 U.S.C. § 1692e(10).

Ms. Battle now requests the Court to grant her Motion for Class Certification and to certify this litigation to proceed on behalf of a class. The class is defined as (i) all persons with addresses in the State of Florida (ii) to whom Notices in the same form as "Exhibit A" were sent to or served upon any person (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were not returned undeliverable by the U.S. Post Office or

unserved (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class").[1] This Memorandum is submitted in support of Plaintiff's Motion for Class Certification. [DE-37].

## II. PLAINTIFF'S CLAIMS

### A. THE "LEAST SOPHISTICATED CONSUMER"

The U.S. Court of Appeals for the Eleventh Circuit established the standard by which violations of the FDCPA are analyzed, *i.e.* – whether the communication or other conduct by the debt collector would mislead the "least sophisticated consumer". Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); also see: Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1369 (M.D. Fla. 2002). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the `least sophisticated consumer' would have been misled." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 667 (M.D.Fla. 1999); see also: Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d at 1369. Other Circuit Courts have followed the lead of the Eleventh

---

[1] As an alternate class definition, Plaintiff suggests: (i) all persons with addresses in the State of Florida (ii) whom were served with a state court lawsuit, (iii) which either contained an allegation or exhibit purporting to provide notice in accordance with 15 U.S.C. § 1692g (e.g. the form complaint and attachment identified in the First Amended Class Action Complaint as "**Exhibit A**") (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the original complaint in this action through the date of certification (the "Class"). To the extent that the proposed class definitions differ with that in the First Amended Complaint, Federal courts are in accord that courts are empowered to, and should, make certification orders modifying, or amending class definitions as necessary and for the benefit of the absent class. *Kohen v. Pacific Investment Management Co. LLC,* 571 F.3d 672, 678 (7th Cir. 2009), cert. denied, (U.S. 2010) 130 S.Ct. 1504 ["if the class definition clearly were overbroad, this would be a compelling reason to require that it be narrowed"; and, at p. 680: "the district court can certify subclasses with separate representation of each … if that would be consistent with manageability."]; *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) cert. denied, 125 S.Ct. 277 (2004) ["holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition" (bold added.)]; *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ["A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."]; *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) ["[I]t is certainly within this court's discretion to limit or redefine the scope of the class."]; *Meyer v. Citizens & S. Nat'l Bank,* 106 F.R.D. 356, 360 (M.D. Ga. 1985) ["The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class."].

Circuit. "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). *See also,* Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); U.S. v. Nat'l Fin. Serv., Inc., 98 F.3d 131, 136 (4th Cir. 1996); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); Swanson v. S. Oregon Credit Serv., Inc., 869 F.2d 1222, 1225-26 (9th Cir. 1988). In evaluating claims for violations of the FDCPA, the Court must view Defendants' conduct through the eyes of the least sophisticated consumer.

**B.    DEFENDANTS' FORM LAWSUITS PURPORTEDLY PROVIDING VALID NOTICE IN ACCORDANCE WITH 15 U.S.C. § 1692g VIOLATE THE FDCPA**

In the matter pending before this Honorable Court, Defendants have embedded into the body of the lawsuit what is commonly referred to as a "g notice" – i.e. a purported notice of Ms. Battle's federal rights as a consumer in accordance with 15 U.S.C. § 1692g. Paragraph #19 of the state court lawsuit reads: *The notice required by the fair Debt Collection Practices Act, 15 U.S.C. §1692(g) et seq., as amended, is attached to this complaint.* [DE-1-1; DE-20-1].[2] This statement is demonstrably false and in accordance with the holding in *Bourff*, Plaintiff should prevail on this fact alone, but the statement is also deceptive as well. Even Defendants unwittingly acknowledge as much in their Motion to dismiss stating that "Defendants were not required to attach the validation notice to the complaint." [DE-27; p. 7]. So, the obvious question arises: why would Defendants include a purported "g notice" in their complaint when section 1692g specifically admonishes: **[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication…** 15 U.S.C. §1692g(d) (emphasis

---

[2] *See* [DE-37] "Exhibit A".

added). There are but two possible answers. One possibility is that it is the intent of Defendants to mislead consumers into doing *something* in response to the alleged federal notice, such as filing a simplified dispute of the debt with the Court (e.g. "I dispute the debt."). These disputes are then deemed an answer and therefore subject to a summary judgment motion by the debt collector. Plaintiff maintains that many consumers do precisely that and only later file their intended answer which contains various affirmative defenses. However, the least sophisticated consumer is often unaware that it is their "dispute" and not their intended answer which is docketed by the Court as a formal answer to the foreclosure lawsuit. There are other consequences as well. Once a consumer has filed an unintended "answer" to the foreclosure lawsuit, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; and (3) the right to file a motion to dismiss. The so-called "g notice" incorporated into a foreclosure lawsuit can only serve to confuse the consumer and advantage both the creditor and debt collector. *See* Lox v. CDA, Ltd., 689 F.3d 818 (7th Cir. 2012) (holding a debt collection practice can be a "false, deceptive, or misleading" practice in violation of §1692e of the FDCPA even if it does not fall within any of the Act's non-exhaustive list of banned practices).

The other possibility is that Defendants have simply made a mistake of law, to wit, Defendants mistakenly believed that they were obligated to provide a "g notice" in accordance with a formal pleading. It should be noted that the bona fide error defense as pronounced in §1692k(c) does not apply to a debt collector's mistaken interpretation of the federal law of the FDCPA. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. at 1608. Three principles used to support the holding in *Jerman* lead to the conclusion that section 1692k(2) does not encompass mistakes based on state law. They are that: (1) " 'ignorance of the law will

not excuse any person, either civilly or criminally,' " *Id.* at 1611; (2) "when Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than" in section 1692k(c), *Id.* at 1612; and (3) section 1692k(c)'s use of the term "procedures" indicates a mechanical kind of process whereas "legal reasoning is not a mechanical or strictly linear process." Id. at 1614. Consequently, for the reasons stated above, Plaintiff has alleged a valid claim for violation(s) of the FDCPA.

### C. NO ISSUES OF INTENT OR RELIANCE EXIST

Whether Ms. Battle or any other class member was misled is not an element of the FDCPA cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991).

> Numerous courts, including one district court within the Eleventh Circuit, have stated that the FDCPA is a strict liability statute. See Stewart v. Slaughter, 165 F.R.D. 696, 699 (M.D. Ga. 1996); Pittman v. J.J. MacIntyre Co. of Nevada, Inc., 969 F. Supp. 609, 613 ("The FDCPA is a strict liability statute....Whether the defendant had actual knowledge of the satisfaction prior to making further attempts to collect goes to the defendant's culpability.") (citations omitted); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 63 (2d Cir. 1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

Kaplan v. Assetcare, Inc., 88 F. Supp 2d. 1355, 1361-62 (S.D. Fla. 2000). The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998). Furthermore, this Circuit has unequivocally held that "[a] false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, **even where no misleading or deception is claimed**." Bourff v. Rubin Lublin, LLC, 674 F. 3d 1238, 1241 (11th Cir. 2012) (emphasis added).

### D. STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. Neumont v. State of Florida, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." King v. Kansas City Southern Industries, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §1692k(a) and (b) for FDCPA class action cases. In deciding whether to certify a class, a district court has broad discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992).

### E. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

#### 1. RULE 23(a)(1)–NUMEROSITY

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." However, impracticable does not mean impossible. Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D.Fla. 2000). In the present matter, Plaintiff has obtained evidence of numerosity from the public record (i.e. virtually identical "form" state court lawsuits filed throughout the State of Florida). *See* [DE-37; Exh. B]; *see also*, Universal Express, Inc. v. U.S. SEC, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court). "When the class is large, numbers alone are dispositive..." Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D.Ill. 1986). Where the class numbers 25 or more, joinder is usually impracticable. Armstead v. Pingree, 629 F. Supp. 273, 279 (M.D. Fla. 1986) (25 sufficient). "[W]hile there is no fixed numerosity rule,

generally less than twenty-one is inadequate, more than forty adequate..." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (quotations omitted). "A class may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). See Agan v. Katzman & Korr, 222 F.R.D. 692, 696-97 (S.D.Fla. 2004). "[W]here the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 Newberg on Class Actions (4th ed. 2002), § 7.22. Courts have certified classes with less class members than Defendants have admitted exist here. See Jordan v. County of Los Angeles, 669 F.2d 1311, 1319-20 (9th Cir. 1982) (39 class members) vacated on other grounds 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982); Peoples v. Sebring Capital Corp., 2002 U.S. Dist. LEXIS 4104, *14-*15 (N.D. Ill. Mar. 13, 2002) (38 class members); Afro Am. Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974) (35 class members); Riordan v. Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 class members); Lau v. Arrow Financial Services, LLC, 245 F.R.D. 620, 625 (N.D. Ill. 2007) (26 class members); Basile v. Merrill Lynch, Pierce, Fenner & Smith, 105 F.R.D. 506, 508 (S.D. Ohio 1985) (23 class members); Arkansas Educ. Ass'n v. Bd. of Educ., 446 F.2d 763, 765 (8th Cir. 1971) (20 class members); Rosario v. Cook County, 101 F.R.D. 659 (N.D. Ill. 1983) (20 class members); Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members). Here, by failing to respond to Plaintiff's Request for Admissions, Defendants have admitted that there are more than 50 class members. This number satisfies the criteria of Rule 23(a)(1). Therefore, Ms. Battle has satisfied the Rule 23(a)(1) requirement of numerosity.

## 2. RULE 23(a)(2)–COMMONALITY

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members. Hicks v. Client Services, Inc., 2008 U.S.Dist. LEXIS 101129, *13 (S.D.Fla. 2008); Armstead v. Pingree, 629 F. Supp at 280; Pottingar v. City of Miami, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." Kornburg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984).

"Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). "The commonality element is generally satisfied when a plaintiff alleges that 'defendants have engaged in a standardized course of conduct that affects all class members.'" Drossin v. National Action Financial Services, Inc., 255 F.R.D. 608, 615 (S.D.Fla. 2009) quoting In re Terazosin Hydrochloride, 220 F.R.D. 672, 687 (S.D.Fla. 2004). *See also* Agan, 222 F.R.D. at 697; In re Amerifirst Sec. Litig., 139 F.R.D. 423, 428 (S.D.Fla. 1991).

Each class member was served with a form debt collection lawsuit, verbatim in substance to the lawsuit served upon Ms. Battle – lawsuits which contained substantive inaccuracies with regard to each consumer's rights in accordance with the FDCPA. "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The very definition of this

class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 49 (D. Conn. 2000).

As explained herein, the principal legal issue in this case is whether Defendants' "form" collection lawsuits violate the FDCPA. The only individual issue is the identification of the class members. This may be accomplished by a review of Defendants' records. FDCPA claims based on standard language in documents or standard practices are well suited for class certification. Swanson v. Mid Am, Inc., 185 F.R.D. at 668.

In Drossin v. National Action Financial Services, Inc., 255 F.R.D. 608 (S.D.Fla. 2009), Judge Dimitrouleas addressed the defendant's argument against commonality and typicality, which claimed that an individual inquiry into each class member would be necessitated to determine whether each class member knew that the defendant was a debt collector. Id at 616. Judge Dimitrouleas rejected the defendant's argument, stating, "the Act requires that the debt collector must disclose itself as such. 15 U.S.C. § 1692e(11). Therefore, the issue of whether class members received phone messages that lacked information required by the FDCPA is common to the class members and Plaintiff's claims are typical." Id.

### 3. RULE 23(a)(3)–TYPICALITY

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. A named plaintiff's claim is typical if it arises from the same practices that give rise to the claims of other class members and the claims are based on the same legal theory. Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985); Kornburg v. Carnival Cruise Lines, Inc., 741 F.2d at 1337. See Agan v. Katzman & Korr, 222 F.R.D. at 698-99.

In the instant case, typicality is inherent in the class definition, *i.e.*, each of the class members were served with a state court lawsuit which contained allegations or exhibits with inadequate, deceptive, and/or incorrect FDCPA disclosures. In Hicks, Judge Dimitrouleas considered a very similar case and concluded regarding typicality:

> Indeed, her FDCPA claim is that she received a message from Defendant without information required by the FDCPA, and the class is defined to include those who received a message from Defendant without that same information. Thus, Plaintiff has satisfied this element for class certification.

Hicks, 2008 U.S.Dist.LEXIS 101129 at *22. That *Hicks* involved a form telephone message instead of a form collection letter is of no matter. Here, Defendants' form collection lawsuits mistakenly, deceptively, improperly, and unlawfully stated that the consumer was being provided notice in accordance with 15 U.S.C. § 1692g, and would therefore be deceptive to the least sophisticated consumer and in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), more specifically, 15 U.S.C. § 1692e as well as 15 U.S.C. § 1692e(10). As discussed above regarding "Commonality," Judge Dimitrouleas certified a class based on the same claim as alleged in the *Hicks* case and rejected the defendant's argument that typicality was not met. Drossin, 255 F.R.D. at 616. Both *Hicks* and *Drossin* are very similar to this case in that they involved debt collectors' form communications that failed to adequately disclose that the communications were from debt collectors.

Therefore, the typicality requirement of Rule 23(a)(3) has been met because each of the class members was subjected to the same violation of the FDCPA as Ms. Battle.

    **4.**    **RULE 23(a)(4)–ADEQUACY OF REPRESENTATION**

Rule 23 of the Federal Rules of Civil Procedure also requires that the named plaintiff provide fair and adequate protection of the interests of the class. "Under this criterion, the named

plaintiffs must ensure that (1) no conflict of interest exists between them and the putative class members and that (2) the action will be vigorously prosecuted." Israel v. Avis Rent-a-Car Sys., 185 F.R.D. 372, 380 (S.D.Fla. 1999).

Ms. Battle understands her responsibilities as the class representative. *See* Declaration of Gina Battle filed in support of Plaintiff's Motion for Class Certification, filed separately. Plaintiff is represented by counsel experienced with the handling of consumer class actions. *See* Declaration of Scott D. Owens in support of Class Certification; Declaration of Leo W. Desmond in Support of Class Certification, both filed separately. Both Mr. Desmond and the undersigned attorney are highly experienced attorneys, with a significant history of class action litigation experience between them. Just this very week, the attorneys in this matter, Owens and Desmond, successfully concluded a FDCPA class action lawsuit. On June 3, 2013, Judge K. Michael Moore entered an Order granting final approval of a class action settlement agreement. *See* Bummolo v. Law Offices of Charles W. McKinnon, P.L., Case No. 2:11-cv-14408 [DE-50].

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here, Plaintiff and the class members seek statutory damages as the result of Defendants' unlawful collection practices. Given the identical nature of the claims between Ms. Battle and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Ms. Battle and those of the class.

The Rule 23(a)(4) representativeness requirement has been satisfied. Gina. Battle should be appointed as the class representative. Pursuant to Rule 23(g), the Court is requested to appoint Scott D. Owens and Leo W. Desmond as class counsel.

### 5. RULE 23(b)(3)–COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "The predominance issue under Rule 23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Carter v. West Publ. Co., No. 97-2537-CIV-T-26A, 1999 WL 376502, *7, 1999 U.S. Dist. LEXIS 8231, at *22 (M.D. Fla. 1999). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer...fraud..." Amchem Products, Inc. v. Windsor, 117 S.Ct. at 2246. "The court's inquiry is typically focused on 'whether there are common liability issues which may be resolved efficiently on a class-wide basis.' " Drossin, 255 F.R.D. at 616. quoting Brown v. SCI Funeral Servs. Of Fla., 212 F.R.D. 602, 606 (S.D.Fla. 2003). "Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004).

Even though it is not necessary that all questions of law or fact be common, in this case it is true that all questions of law or fact are common. The "common nucleus of operative fact" is that all class members, by definition, were served with the same form collection lawsuits by Defendants containing the identical subject language and exhibit to the lawsuit served upon Ms. Battle, and were subjected to the same violations of the FDCPA as Ms. Battle. Moreover, the public records reveal that Defendants served the identical lawsuits to more than 40 Floridians while attempting to collect alleged debts incurred for personal, family, or household purposes.

In Drossin, this District found common questions of law and fact to predominate where the plaintiff alleged that the defendant debt collector communicated with consumers without disclosing the information expressly required by the FDCPA. Drossin, 255 F.R.D. at 617. Cases

dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document or practice is the focal point of the analysis. Swanson v. Mid Am, Inc., 186 F.R.D. at 668.

Because of the standardized nature of Defendants' conduct, common questions predominate. The only individual issue is the identification of Floridians to whom Defendants sent the form letters, a matter which may be determined by review of Defendants' records. In this case, it is clear that both the factual issues and the issues of law are common to the class.

### 6. RULE 23(b)(3)–CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

"The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Carter v. West, 1999 U.S. Dist. LEXIS 8231, at *21. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." Kelly v. Sabretech Inc., 1999 U.S. Dist. LEXIS 15445, *8-*9 (S.D. Fla. 1999). Therein, the Southern District of Florida found that "a class action is the superior method for adjudicating the claims of the Plaintiffs." Id. at *17.

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "... inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the

initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

"In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. See Advisory Committee Note to 1996 Amendment to Rule 23." Israel v. Avis Rent-a-Car Sys., 185 F.R.D. at 387. For an FDCPA claim, the class recovery of statutory damages is the lesser of $500,000 or 1% of Defendants' net worth. 15 U.S.C. §1692k(a)(2)(B).

In a case similar to this one, Judge Dimitrouleas stated: "The large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that a class action would be the superior method of adjudicating the FDCPA claim." Hicks, 2008 U.S.Dist.LEXIS 101129 at *26. See also Drossin, 255 F.R.D. at 618.

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual subjected to Defendants' practices. Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of a debt collector's form collection letter.

> The essential common factual link between all of the prospective class members is the letters sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters. Defendants contest that a class action is not the superior method to resolve this controversy. However, the Court finds that the criterion set out in Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy.

14

Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. at 700-01. Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy. Consequently, the preponderance and superiority elements of Rule 23(b)(3) have been met.

### III.    CONCLUSION

The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3). Ms. Battle respectfully requests that the Court certify this action as a class action, appoint her as class representative, and appoint Scott D. Owens and Leo W. Desmond as class counsel.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 13th day of June 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this 13th day of June 2013 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651