UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 12-14458-CIV-MARTINEZ-LYNCH

GINA BATTLE, an individual,

    Plaintiff,

vs.
GLADSTONE LAW GROUP, P.A., a Florida
Professional Corporation and Roger N.
Gladstone,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

THIS CAUSE came before the Court upon Defendants Gladstone Law Group and Roger N. Gladstone's ("Defendants") Motion to Dismiss Plaintiff's First Amended Class Action Complaint. (D.E. No. 27). Defendants seek to dismiss Plaintiff Gina Battle's ("Plaintiff") First Amended Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendants assert that the complaint does not set forth sufficient facts supporting Plaintiff's claim that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, *et seq.* ("FDCPA"). (D.E. No. 27). For the reasons stated below this Court denies the Motion to Dismiss.

**I. Background**

In November 2012, Defendants, acting as legal counsel for Bank of America, N.A., filed a complaint in the Nineteenth Judicial Circuit of Florida seeking to foreclose Plaintiff's mortgage and to enforce a promissory note. (D.E. No. 1-3). Attached to the state court complaint and

1

summons was a document entitled "Notice Required by the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692(g)" ("Notice"). (D.E. No. 1-5). The Notice served to inform Plaintiff of her rights concerning validation of the debt and provided Plaintiff with 30 days to request validation of the debt. *Id.* The summons issued along with the state court complaint informed Plaintiff that she had 20 days to file a response with the court. (D.E. No. 1-4).

Plaintiff's complaint alleges that Defendants' violated the FDCPA because: (1) the Notice attached to the state court complaint "would be deceptive to the least sophisticated consumer"; and (2) Defendants failed to provide Plaintiff with the notice required by 15 U.S.C. §1692(g). (D.E. No. 20). Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

## II. Legal Standard

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997)). F.R.C.P. 8(a)(2) does not require a plaintiff to "make detailed factual allegations" and "the accepted rule for appraising the sufficiency of a complaint is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Trustees of Hotel Indus. Pension Fund v. Carol Mgmt. Corp.*, 880 F. Supp. 1548, 1552 (S.D. Fla. 1995) (quoting *Conley*, 355 U.S. 41, 47 (1957)).

## III. Analysis

Defendants assert that the Amended Complaint fails to set forth sufficient facts to support Plaintiff's claim that Defendants violated the FDCPA. (D.E. No. 27). Plaintiff argues that they

2

have established that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citation omitted). This Court finds that Plaintiff has properly stated a claim that Defendants violated the FDCPA.

First, this Court addresses whether Plaintiff "has been the object of debt collection activity arising from consumer debt." *Sanz*, 633 F. Supp. 2d at 1359. The language of the statute defines debt as "any obligation or alleged obligation of a consumer arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692(a). Plaintiff alleges that Defendants' filing of the state court complaint constitutes debt collection as contemplated by 15 U.S.C. §1692(a). (D.E. No. 20). Defendants argue that generally a foreclosure action is not debt collection for purposes of the FDCPA and, therefore, the filing the state court complaint is not a debt collection activity. *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007). However, money owed on a promissory note secured by a mortgage is a debt for purposes of the FDCPA. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). The state court complaint requests enforcement of a promissory note in addition to foreclosure of a mortgage. (D.E. No. 1-3). Therefore, this Court finds that Plaintiff has sufficiently pled that the state court complaint seeking enforcement of a promissory note constitutes debt collection under the FDCPA.

Next, this Court addresses whether Defendants are "debt collector[s] as defined by the FDCPA." *Sanz*, 633 F. Supp. 2d at 1361. The FDCPA defines debt collector as "any person who

3

uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. §1692(a)(6). The FDCPA can apply to the litigating acts of attorneys, if the attorney "regularly engage[s] in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). "In determining whether a plaintiff has adequately alleged that a person or business regularly engages in debt collection activities . . . courts have considered whether a party has held itself out as a debt collector and also the volume, frequence, pattern, and history of a party's debt collection activity." *Sanz*, 633 F. Supp. 2d at 1361. In addition, courts can look to other factors including "whether defendant worked on behalf of a company to whom [Plaintiff] owed a debt . . . [whether defendant] had specific information regarding their mortgage debt." *Mellentine v. Ameriquest Mortg. Corp.*, No. 11-2467, 2013 WL 560515, at *3 (6th Cir. Feb. 14, 2013).

Plaintiff's Amended Complaint states that because Defendants filed the state court complaint and Defendants "regularly" use the United States Postal Service and telephone to collect consumer debt, Defendants are "debt collectors" as contemplated by 15 U.S.C. §1692(a)(6). (D.E. No. 20). With regard to Defendant Gladstone Law Group, P.A., Plaintiff's Amended Complaint alleges that Gladstone Law Group, P.A. was a debt collector as defined by 15 U.S.C. §1692(a)(6). (D.E. No. 20 ¶ 6-8). Plaintiff states that Defendant Gladstone Law Group, P.A. worked for Bank of America, N.A., a company to whom Plaintiff owed a debt. (D.E. No. 20 ¶ 12). Further, in filing the state court complaint, Defendant Gladstone Law Group, P.A. necessarily had specific information regarding Plaintiff's mortgage debt. *See Mellentine*, 2013 WL 560515, at *3 (holding an attorney can act as a debt collector if they have specific information

4

regarding debtor's debt). This Court finds that Plaintiff has sufficiently pled facts that could establish that Defendant Gladstone Law Group, P.A. is a debt collector within the meaning of 15 U.S.C. §1692(a)(6).

With respect to Defendant Roger N. Gladstone ("Gladstone"), Plaintiff contends that Gladstone is individually liable for the acts of Gladstone Law Group, P.A. because Gladstone is an employee of a debt collection company acting within the scope of his employment. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-38 (6th Cir. 2008) (holding that employees of a debt collection organization may be "debt collectors" under the FDCPA and held personally liable for acts committed within the scope of their employment). Plaintiff further argues that because Gladstone signed the state court complaint, Gladstone "materially participated" in the collection of the debt. (D.E. No. 28). An individual may be found to have "materially participated" in debt collection if the individual "regularly engaged, directly or indirectly, in the collection of debts." *Brink v. First Credit Resources,* 57 F. Supp. 2d 848, 862 (D. Ariz. 1999). This Court finds that Plaintiff has sufficiently pled facts that could establish that Defendant Gladstone is a debt collector within the meaning of 15 §1692(a)(6).

Next, this Court addresses whether Defendants have "engaged in an act or omission prohibited by the FDCPA." *Sanz,* 633 F. Supp. 2d at 1359. Plaintiff's complaint alleges a violation of 15 U.S.C. Section 1692(g). (D.E. No. 20). Within five days of an initial communication, a debt collector must provide a debtor with a notice containing:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt

5

>    collector within the thirty day period that the debt, or any portion
>    thereof, is disputed, the debt collector will obtain verification of the
>    debt or a copy of a judgment against the consumer and a copy of such
>    verification will be mailed to the consumer by the debt collector; (5)
>    statement that, upon consumer's written request within the thirty day
>    period, the debt collector will provide the consumer with the name
>    and address of the original creditor, if different from the current
>    creditor.

15 U.S.C. § 1692(g)(a). However, in Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff appears to abandon her claim of a 1692(g) violation. (D.E. No. 28 at 6-7). Regardless, Plaintiff has not adequately pled the elements of a 1692(g) violation. Subsection 1692(g) is only triggered after an initial communication between the debt collector and the debtor occurs. In order for contact between a plaintiff and defendant to qualify as an initial communication, the contact must only directly or indirectly convey information regarding the debt. 15 U.S.C. § 1692 (a)(2). The filing of a complaint is not an initial communication. *Vega v. McKay,* 351 F.3d 1334 (11th Cir. 2003). Plaintiff alleges that she telephoned Defendants on December 5, 2012 and left a message with Defendants' operator requesting that "Defendant Gladstone return Plaintiff's call." Plaintiff contends that this message constitutes an initial communication as defined by 1692(a). (D.E. No. 20 ¶¶ 36-37). The court must look specifically at the actual words of the message in order to determine if the message conveys information about the debt. *Biggs v. Credit Collections, Inc.,* No. Civ.-07-0053-F, 2007 WL 4034997 (W.D. Okla.. Nov. 15, 2007). Plaintiff only alleges that she telephoned Defendants and requested that they return her call. Plaintiff's complaint does not provide any additional information concerning this telephone call. Plaintiff further contends that Defendants never provided her with the validation notice required by 15 U.S.C. § 1692(g). (D.E. No. 20 ¶ 39). However, if an initial communication has not yet occurred,

a defendant is under no obligation to comply with 15 U.S.C. § 1692(g) requirements. *Vega*, 351 F.3d at 1334. This Court finds that Plaintiff has not adequately alleged that an initial communication occurred and, therefore, Plaintiff has not adequately pled the elements necessary for the 1692(g) violation.

Plaintiff also alleges that Defendants violated 15 U.S.C. §1692(e)(10) because attaching the Notice to the state court complaint would deceive the "least sophisticated consumer" with respect to their consumer and litigant rights. (D.E. No. 20). Defendants argue that Plaintiff's timely response to the state court complaint is evidence that Plaintiff was not deceived or confused and therefore that Defendants did not violate the FDCPA. Defendants contend that because Plaintiff did not waive her rights and defenses, no violation occurred. (D.E. No. 27).

The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived" by Defendants' actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." *Swanson v. Mid Am. Inc.*, 186 F.R.D. 665, 667 (M.D. Fla. 1999). The debt collector must "effectively convey" the contents of the validation notice to the debtor. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (citing *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999)). An FDCPA notice incorporated into a mortgage foreclosure summons and complaint does not necessarily effectively convey notice of the rights to the "least sophisticated consumer." The "least sophisticated consumer" could be deceived or confused when the summons sets out a 20-day deadline to

7

respond to the lawsuit and the attached notice provides for a 30-day deadline to request validation of the debt. *In re Martinez,* 266 B.R. 523 (S.D. Fla. 2001). The fact that Defendants "used an approved form summons did not affect the court's determination that summons, coupled with validation notice, was confusing." *Id.* at 523. This Court finds that Plaintiff has sufficiently pled that Defendants engaged in an act or omission prohibited by the FDCPA.

Defendants also argue that Florida's litigation privilege allows for complete immunity for all acts occurring during the course of a judicial proceeding. (D.E. No. 27). Plaintiff contends that this immunity privilege applies only to litigation arising from violations of state law and not violations of federal law. *Pescatrice v. Robert J. Orvitz, P.A.,* 539 F. Supp. 2d 1375, 1380 (S.D. Fla. 2008). Plaintiff's Complaint is based on a violation of the FDCPA (a federal statute) and Plaintiff does not allege a violation of any state statute. (D.E. No. 20). As a result, this Court finds that Defendants' litigation activity is not entitled to immunity.

Accordingly, this Court finds that Plaintiff has adequately pled that Defendants are debt collectors within the meaning of the FDCPA.

**ORDERED AND ADJUDGED** that

Defendant's Motion to Dismiss for Failure to State a Claim (D.E. No. 27) is **DENIED**. Defendants shall file an answer to Plaintiff's First Amended Class Action Complaint on or before **July 10, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of June, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record